Daniel, J.
 

 The statute declares, that no execution shall be levied on the goods or chattels, lands or tene-nients of any minor in the hands of his guardian, until twelve months after judgment obtained on the
 
 scire facias,
 
 nor shall execution issue at any time, but on motion in open Court,
 
 Rev. Stat.
 
 Ch. 63, Sec. 11. The plaintiff’s executions were issued from a Court having competent jurisdiction, and after a motion made in open Court, that they should be issued. The defendant, who was then the Sheriff, insisted, that, as it did not appear by the executions, that they were issued after a stay of twelve months, and also on motion in open Court, he was not bound in law to execute them on the lands descended to the infant heirs of William Bennett. The Judge who tried this cause, was of the same opinion, and gave judgment for the defendant. We do not agree with his honor. The statute was enacted, solely for the benefit of infant heirs. Twelve months stay of execution is given them by the statute to enable their guardians to provide the means Qf satisfying the judgment, without a sale of the
 
 *13
 
 property, or to enable the guardian to prevent the property being sacrificed by an immediate sale. But where-ever a statute is made for the benefit of a person or persons, he or they may waive that benefit. And there was a waiver, by the guardian of the infant heirs of Bennett, of the time the law gave them as to the stay of the executions of Heath. In many cases which may happen, as in this, the infant heirs and their guardian may see that the property descended cannot by any means in their power be saved from a sale ; and then they may, in such cases, wish that all the creditors of their ancestor should be paid equally, as far as the proceeds of the sales made of the property would admit; and we see no good reason why they may not, to effect such an object, waive their stay of execution and let it be done ; for the afore mentioned statute was not passed to favour any set of creditors over others. And not only did the guardian waive the stay of execution, but the heirs have since acquiesced in what was done, and have not moved to set the executions aside. On this waiver, the Court, on motion, ordered Heath’s executions to issue ; and they were issued, and came to the hands of the Sheriff; and he was thereby legally commanded, and it was his duty to have levied on and sold the lands under them, with the others then in his hands. He did not do it, but refused to do it, and the plaintiff therefore was damnified, and had a legal and just cause of action against him. We think, that the judgment must be reversed, and judgment be rendered for the plaintiff.
 

 Per Curiam. Judgment for the plaintiff.